GEORGE W. CHAMBERS, Administrator, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.[1]

May 25, 1896.

Nos. 9777—(28).

### Life Insurance—Representations—Burden of Showing Falsity.

The defendant issued its policy of life insurance, which provided that the application for the insurance should be a part of the policy, and that, if any fraudulent representation or statement should be made in the application, then the policy should be null and void. The application contained numerous questions, and the answers thereto, relating to then existing or past facts; also, an agreement on part of the applicant that all statements and answers in the application are warranted to be true. Among these questions and answers were the following: "Do you use malt or spirituous beverages?" Answer: "No." "Have you always been temperate?" Answer: "Yes." *Held*, that it was no part of the plaintiff's case to allege and prove that the answers contained in the application were true, but that the burden was on the insurer to allege and prove their falsity, and he must, in his pleading, specify which of the answers he claims to be false, and on the trial he will be limited in his proof to those which he has alleged to be false,—overruling certain dicta in Price v. Phœnix M. L. Ins. Co., 17 Minn. 473 (497).

### Same—Evidence.

*Held*, also, that evidence as to the business habits, pursuits, and associations of the insured, at and before the time of the issuing of the policy, was admissible, as bearing on the question whether he was temperate.

### Same—Meaning of "Temperate."

*Held*, also, that the questions above quoted have reference to the habits of the insured, and not to exceptional and occasional acts, and that the word "temperate" means abstinence from excessive or injurious use, and not total abstinence.

Appeal by defendant from an order of the district court for Washington county, Williston, J., denying a motion for a new trial after a verdict for $5,089.89. Affirmed.

*Edmund S. Durment*, for appellant.

*Clapp & McCartney*, for respondent.

[1] Reported in 67 N. W. 367.

MITCHELL, J. This was an action on a policy of insurance on the life of plaintiff's intestate.

The complaint alleged the issuing of the policy, the death of the insured, the furnishing of proofs of loss, and the refusal of the defendant to pay; also, generally, that the insured and the plaintiff had each fulfilled all the conditions of the policy. The policy, which was attached to the complaint, provided that the insured's application was made a part of the policy; also, that "if any fraudulent representation or statement shall be made in the application, * * * then and in every such case this policy shall be null and void." The application, which was introduced in evidence, contained numerous questions to the applicant and his answers thereto. All of these related to then existing or past facts. It also contained an agreement, signed by the applicant, that all the statements and answers written on the application, including those made to the medical examiner, are warranted to be true, and to be full and fair answers to the questions, without evasion or concealment, and are offered to the company as a consideration for the contract of insurance.

Defendant, in its answer, admitted the issuing of the policy, the death of the insured, the furnishing of proofs of death, and a refusal on its part to pay, but, except as thus admitted, denied all the allegations of the complaint. It then alleged that the answers to the following questions in the application were false and untrue: "Have you ever had disease of the heart? Ans. No." "Do you use malt or spirituous beverages? Ans. No." "Have you always been temperate? Ans. Yes." "Is there anything, or has there ever been anything, in your physical condition, family or personal history, or habits, tending to shorten your life, which is not distinctly set forth above? Ans. No." And that by reason of said false and fraudulent representations, and each of them, said policy or contract of insurance is null and void.

The assignments of error are very numerous, but most of them can be disposed of very briefly.

1. After a careful examination of the entire record, we are satisfied that there was no abuse of discretion on part of the trial court in refusing defendant's application for a continuance, for a postponement of the trial, for leave to amend its answer, or for a new trial on the ground of accident and surprise. To state fully our reasons for this

conclusion would require an extended review of the facts as disclosed by the record, which time and space will not permit, and which would be of no particular value as a precedent.

2. The next question is, was the burden on the plaintiff to allege and prove the truth of the answers to the questions contained in the application, or was it upon the defendant to allege and prove their falsity?  Defendant's contention is that because, if any of these answers were false, the policy would be void ab initio, therefore they were conditions precedent, and hence, according to a familiar rule, the burden was on the plaintiff to allege and prove that they were true.   The law is so well settled otherwise that it would hardly seem to require discussion.

For the purposes of this case it is immaterial whether these answers are to be deemed warranties or mere representations, for the rule of pleading and proof would be the same in either case.   Hence we shall assume, most favorably to the defendant, that the answers are warranties.   A condition precedent, as known in the law, is one which is to be performed before the agreement of the parties becomes operative.   A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend.   In the case of a mere warranty, the contract takes effect and becomes operative immediately.   It is true that, where a policy of insurance so provides, if there is a breach of a warranty, the policy is void ab initio.   But this does not change the warranty into a condition precedent, as understood in the law.   It lacks the essential element of a condition precedent, in that it contains no stipulation that an event shall happen or an act shall be performed in the future, before the policy shall become effectual.   It is more in the nature of a defeasance, where the insured contracts that, if the representations made by him are not true, the policy shall be defeated and avoided.   But, even if these warranties are to be deemed conditions precedent, it has become settled in insurance law, for practical reasons, that the burden is on the insurer to plead and prove the breach of the warranties.

Not only so, but he must, in his pleading, single out the answers whose truth he proposes to contest, and show the facts on which his contention is founded.   Otherwise, the insured would enter the trial

64 M.—32

ignorant as to which of his numerous answers would be assailed as false. The number of questions in these applications is usually very great, relating to the habits and health of ancestors, the personal habits and condition of the applicant, etc., the truth of many of which it would be impossible to prove affirmatively after the death of the insured. To require such proof on part of the beneficiary would defeat more than half of the life policies ever issued. On the other hand, it is no hardship to require of the insurer, if he believes that any of these answers were false, that he specifically allege which ones he claims to be false, and produce evidence of the truth of his claim. It would be superfluous to cite authorities on this subject; but, to the point that these warranties are not conditions precedent, in the legal sense of the term, we refer to Redman v. Aetna Ins. Co., 49 Wis. 431, 4 N. W. 591; and, for a forcible statement of the practical reasons for the rule, to Piedmont Life Ins. Co. v. Ewing, 92 U. S. 377.

The dictum in Price v. Phœnix M. L. Ins. Co., 17 Minn. 473 (497), that warranties are conditions precedent, the truth of which must be pleaded and proved by the assured, was, we think, inadvertent, and cannot be adhered to. We therefore hold that it was no part of plaintiff's case to either allege or prove the truth of the answers in the application, that the burden of alleging and proving their falsity was on the defendant, that it was bound to specify in its defense the particular answers which it claimed were false, and that on the trial it was properly limited in its proof to those answers which it had specifically alleged to be false.

3. Upon the trial the only substantial evidence produced by defendant tending to prove the falsity of any of the answers in the application related to those in response to the questions whether the applicant used malt or spirituous beverages and whether he had always been temperate.

The only assignments of error not disposed of by what has been already said are those relating to the rulings of the court in the admission of evidence, and to its instructions to the jury upon the issue of the truth or falsity of the answers to these questions. The testimony of Dr. Clarke, referred to in the tenth assignment of error, does not seem to have been relevant to any issue in the case; but it was harmless, and its admission, if error, was without prejudice. The testimony of Durant, referred to in the eleventh, twelfth, and

thirteenth assignments of error, as to the business habits, pursuits, and associations of the insured, at and prior to the date of the application, had a legitimate and direct bearing upon the question whether he was temperate or intemperate. The defendant had very fully cross-examined the witness Welsh as to all facts within his knowledge as to the habits of the deceased, and there was no error in excluding the questions, referred to in the fifteenth and sixteenth assignments of error, as to whether the deceased looked as if he had been full or drinking, and whether the witness believed that he was sobering up, on a certain occasion previously testified to. The question (referred to in the sixteenth assignment of error) put to the plaintiff, when called in rebuttal, was properly excluded, as not being proper cross-examination.

The court instructed the jury that the question, "Do you use malt or spirituous beverages?" was to be construed as referring to a customary and habitual use, and not to a single or occasional act of use; also, that the word "temperate" was to be taken in its ordinary sense, and not as meaning total abstinence,—and refused defendant's requests to instruct the jury that if the deceased, at the time he made the application for the insurance, used malt or spirituous beverages, even though only occasionally, and in small quantities, or if he used such beverages at all, or if, prior to the date of the application, he had drunk such beverages to excess even once, then plaintiff could not recover. But the court did instruct the jury that if, prior to the issuing of the policy, the deceased had been in the habit, periodically and frequently, of using spirituous and malt liquors to excess, or to such an extent as tended to shorten his life, then his answer to the last question was false; also, that before the plaintiff could recover, it must appear from the evidence that the deceased was always temperate before making the application for the insurance; also, that if any one of the answers alleged to be untrue were in fact untrue, the plaintiff could not recover, although all the others were true. The charge of the court was sufficiently favorable to the defendant. In fact, as respects the burden of proof, it was too favorable. The questions, "Do you use malt or spirituous beverages?" and "Have you always been temperate?" referred to the applicant's habits, and not to exceptional and occasional acts; and the word "temperate" suggests moderation, refraining from excessive or in-

jurious use, and not total abstinence. May, Ins. § 299; Beach, Ins. § 436, and cases cited. Whether the applicant had always been temperate, and whether he used malt or spirituous beverages, within these definitions of the terms, were, under the evidence, questions for the jury.

Order affirmed.