THOMAS ORR TRUCKING AND FORWARDING COMPANY, PLAINTIFF, DEFENDANT IN ERROR. v. THE METRO-POLITAN SURETY COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Submitted March 23, 1909—Decided June 14, 1909.

1. In a policy of indemnity against loss by theft it was provided that the assured, upon discovery of loss, should give immediate notice thereof by letter to the home office of the company and also by telegram to the company at the city where the policy was countersigned and also immediate notice thereof to the company's local authorized agent and the nearest public police authorities having jurisdiction. *Held,* that such notices were distinct from the formal proofs of loss provided for in the policy to be made out on the company's blanks, that in case of theft, where it is for the interest of the insurer to apprehend and punish the criminal, a requirement for immediate notice is a reasonable regulation and valid, making it incumbent upon the assured in a suit on the policy to prove the performance of these conditions.

2. The change in the forms of pleading prescribed by the one hundred and eighteenth section of the Practice act of 1903 does not change the burden of proof—that remains with the plaintiff to show performance as at common law.

3. Where proofs of loss under a policy of insurance have been returned by the company to the assured for correction, their subsequent retention by the company unobjected to but with a denial of liability on other grounds, is sufficient to constitute a waiver of defects therein.

4. The provision in a policy of "*Theft*" insurance that the assured at the request of the company, shall swear out a warrant for the arrest of the offenders, is not a condition precedent, for it becomes obligatory upon the plaintiff only after request; therefore, under a plea averring such request and refusal, and concluding

to the country, thus precluding a reply by the plaintiff, is informal, and the plaintiff may prove excuse in the avoidance of such provision.

5. Where a theft policy of insurance confines the company's liability for loss of property to "the cash or market value of the property at the time of the loss," it is error to admit in evidence a bill rendered to the assured for such lost property by the owner as proof of its value.

On error to the Supreme Court.

For the plaintiff, defendant in error, *Pierre F. Cook.*

For the defendant, plaintiff in error, *Joseph D. Bedle* (and *Frederick Snow Kellogg* on the brief).

The opinion of the court was delivered by

VOORHEES, J.   This is a writ of error to the Supreme Court. The plaintiff is a corporation engaged in the trucking business and its president is Thomas Orr.   The suit is on a policy of indemnity, called a theft or burglary policy, whereby the defendant agreed to indemnify Thomas Orr during a certain period subject to certain "special and general agreements, terms and conditions" in the policy contained, "which are to be construed as co-ordinate and precedent to any recovery" under the policy.   The policy by endorsements was made to cover losses of the Thomas Orr Trucking and Forwarding Company, the plaintiff, and applies in each particular to direct loss by burglary, theft or larceny.   There are certain special agreements annexed to the policy, among them one headed "The company shall not be liable for loss or damage."   There is also a schedule consisting of twelve paragraphs.   Then follows a number of "general agreements" headed by the phrase, "Company not liable."   The policy is made "subject to the agreements contained on the back hereof and the statements and agreements contained in the schedule in the attachment (or rider) hereto attached, which statements the assured makes and warrants to be true, and which agreements, statements and schedule form a part of this contract as fully as if recited at length over the signatures hereto affixed."

In the declaration a general performance of conditions precedent was alleged. To this thirty-two special pleas were interposed by the defendant in which it specified the conditions precedent, the performance of which it intended to contest under the one hundred and eighteenth section of the Practice act.

Two losses were alleged, viz.—*first,* goods to the value of $523.90, shipped by Sternberg, consigned to Blogg & Littauer on January 21st, 1907, stolen in transit, and the *second,* $542.70 of merchandise shipped by the Castle Island Linen Company, 25 White street, stolen while on the sidewalk after receipt for them had been given by plaintiff before loading. Judgment was rendered for the full amount of these bills in favor of the plaintiff.

The first error assigned relates to the defence that the plaintiff failed to perform certain conditions precedent, namely, that upon discovery of the loss the plaintiff failed to give "immediate notice thereof by letter to the home office of the company in New York City, and also by telegram to the company at the city where this policy is countersigned, briefly stating the particulars and probable amount of loss (telegraphic message at the company's expense), and also to give immediate notice thereof to the company's local authorized agent and the nearest public police authorities having jurisdiction." There was no proof of immediate notice of loss by letter; no proof as to sending a telegram and no proof that immediate notice was given to the company's local authorized agent, except that such notice in one of the cases perhaps might be inferred from the fact that a representative of the company appeared shortly after the loss.

The ground of the motion to nonsuit as to this subject was thus stated: "There is no evidence from which the jury can find that the assured upon the discovery of the loss gave notice by letter to the home office, and no evidence from which the jury can find that upon the discovery of the loss the assured gave immediate notice to the company's local authorized agent; there is no proof and no evidence from which the jury could rightly conclude that immediate notice was

given to the police authorities having jurisdiction by the assured of the loss." Failure to give telegraphic notice is not made a ground for the nonsuit. The notices thus provided for in the policy must be deemed to be distinct from the formal proofs of loss to be made out on the company's blanks, and any waiver as to the latter could not be construed to be a waiver as to the former, the requirements being separate and distinct. Here, however, performance has been pleaded, and so proof of waiver is incompetent. *Shinn* v. *Haines*, 1 *Zab.* 340; *Franklin* v. *Empire Rubber Co.*, 43 *Vroom* 58.

In a case of theft where it is for the interest of the company to apprehend and punish the criminal, a requirement for immediate notice is a reasonable regulation, and whether the failure to give it technically amounts to the non-performance of the conditions precedent, or whether we call it a forfeiture, is immaterial. In either case, it is a reasonable provision and valid and of the essence of the contract. See 4 *Cooley Ins. B.* 3570. It was, moreover, under the pleadings incumbent upon the plaintiff to prove the performance of these conditions. It cannot be doubted that where there is an allegation by the defendant of non-performance of the special conditions precedent, the general performance of which has been asserted by the plaintiff under our statute, *supra,* the burden of proof remains with the plaintiff to show performance as at common law. The object of this statute is to eliminate *prolix* pleading and evidence. *Dewees* v. *Insurance Company,* 5 *Vroom* 244; *Vail* v. *Penna. Fire Insurance Co.,* 38 *Id.* 422, and cases cited. But the change in the form of pleading in nowise avoids the rule that "whoever desires any court to give judgment as to any legal right or liability dependent on the existence or non-existence of facts which he asserts or denies to exist must prove that those facts do or do not exist." *Steph. Dig. Ev.* 460. Of a somewhat similar statutory provision in Vermont it was said: "But does it follow that because the defendant must specially put in issue such matters, the burden of proof is therefore shifted? We do not construe the act as changing at all the substantive rights of the parties, but only as providing for a simpler mode of declaring. * * * If the

defendant desired to put in issue any other matters he was to point them out by his pleadings. It would still be for the plaintiff to prove any matter so pointed out which he would have been required to prove under a special declaration." *Hershey* v. *Northern Assurance Co.,* 75 *Vt.* 441. The nonsuit should have been granted.

Objection is made that no proofs of loss were filed by the plaintiff as required by the policy. The conditions require that proofs of loss shall be signed by the assured, and if a corporation, by its officer in his official capacity. The proofs of loss were signed by Orr as an individual. It is further asserted that they were not made up fully with reference to the requirements of the blanks furnished by the company for that purpose. It appears, however, that they were received by the company without objection, except in the case of one of the claims, and as to that they were returned to the plaintiff with the objection that they had not been sworn to. This defect was remedied by the oath of Mr. Orr, and then the proofs were taken back and retained by the company without objection.

Waiver of conditions, the performance of which is to take place after a loss has occurred, differ from waiver of conditions which are contained in the policy having to do with the contract itself before loss. The former may be waived by parol. *Carson* v. *Jersey City Insurance Co.,* 14 *Vroom* 300; *affirmed,* 15 *Id.* 210. In the present case the return of the proofs to the plaintiff for correction and their subsequent retention unobjected to is sufficient to constitute such waiver (*Merchants' Insurance Co.* v. *Gibbs,* 27 *Id.* 679), especially when coupled with a denial of liability on other grounds. *Roumage* v. *Merchants' Fire Insurance Co.,* 1 *Gr.* 110; *State Insurance Co.* v. *Maackens,* 9 *Vroom* 564. The defendant must therefore be deemed to have waived any informalities and defects in the preliminary proofs of loss. Furthermore, the declaration expressly avers that the plaintiff rendered to the defendant proofs of loss after the happening of the losses and of each of them, in accord-

ance with the terms and conditions of the said policy of insurance "which were received and accepted by said defendant without objection." As to the proofs of loss the plaintiff did not adopt the statutory method of pleading, but has in effect alleged a waiver, and that as was pointed out in *Vail* v. *Penn Fire Insurance Co.*, 38 *Id.* 424, he might do. The refusal of the nonsuit on this ground was therefore proper.

There is a further objection made that the nonsuit should have prevailed because of the statement in the policy that the drivers and men in charge of the conveyances were bonded by the Fidelity Company, when in fact, in this case, they were not. This appears to be a warranty of a fact known to the plaintiff (*Finn* v. *Metropolitan Life Insurance Co.*, 41 *Vroom* 355) and its falsity will void the policy. On this ground there should have been a nonsuit.

The next point made is that according to the terms of the policy the company is not liable for the loss of goods while on the sidewalk of a thoroughfare unless they were under the supervision of the assured or his authorized employe, and that the case being destitute of testimony of such guarding while the goods were on the sidewalk, and the loss occurring while they were on the sidewalk, the defendant is not liable.

The evidence is not clear as to whether one of the cases lost was on the sidewalk and left unguarded or not, but as to the other goods lost the question does not arise. The motion for a nonsuit and for the direction of a verdict having been made upon the following ground, "that there is not sufficient evidence from which the jury can conclude that the loss happened in any manner covered by the policy," clearly did not bring to the attention of the court the special point in the mind of counsel that one of the cases was left unguarded on the sidewalk, and, furthermore, as the motion could not apply to both the losses, but only to one, it was too broad, and its refusal was right. *Garretson* v. *Appleton*, 29 *Vroom* 386.

It is urged that the motion to nonsuit should have prevailed because one lot of merchandise had reached its destination and the plaintiff had not received a valid receipt for it, and that the system of checking prescribed by the policy was not followed. They are based upon provisions in the policy that the company shall not be liable for loss for goods after they have reached their point of delivery and the assured or his employe in charge of the conveyance has received a valid receipt that the property is so delivered; or for goods unless the system of checking and receiving specified in the schedule is followed. In the one case there was proof that the goods had been delivered at the place of business of the consignee and a receipt had been received which the consignee said was spurious and invalid. It is sufficient to say that these objections involve matters of defence. The validity of the receipt was a jury question involving not only that particular question, but as the case turned the honesty of the driver also. As to the checking system, that is not covered by any exception and there appears to be no evidence on the point.

There was no failure to prove that the conveyances did not bear the proper license numbers. There was evidence that the trucks bore the license numbers.

The policy provided that "the company if it so elects, shall have the entire charge of the prosecution of offenders, * * * and the assured shall, at the request of the company, swear out a warrant for the arrest of the offenders."

It was also provided that "the assured * * * shall fill up and forward the burglary notice form furnished by the company. * * * The said forms will be delivered to the assured upon demand."

The swearing out a warrant was not a condition precedent, for it became obligatory upon the plaintiff only after request. The plea of the defendant avers such request and refusal and concludes to the country. This precluded a reply which was the plaintiff's right, and that reply might have denied the request, or set up new matter in confession and avoidance. To such a provision the plaintiff was not required to aver per-

756    COURT OF ERRORS AND APPEALS.

Orr Trucking. &c., Co. v. Metropolitan, &c., Co.    77 N. J. L.

formance in the declaration. The plea being informal it cannot be asserted that the plaintiff may not prove excuse in avoidance of the provision. It is not a case where performance has been pleaded by one party, and denied by the other, thus excluding proof of waiver or excuse as hereinbefore observed. The plaintiff admitted that he refused to swear out a warrant, and excused the refusal on the very proper ground that there was nothing to show that the driver was the offender. The same reasoning applies to the alleged failure to fill up the burglary form. It is asserted only in the plea that it was furnished. The proof of that fact rested upon the defendant.

But it is not shown that either of the two objections lastly mentioned refers to both losses. A nonsuit therefore could not rest upon these grounds if the record disclosed a proper exception.

The next objection is as to the proof of the value of the goods lost.

The policy confines the company's liability to "the cash or market value of property at the time of the loss." Mr. Orr was allowed to testify what amount he was liable to pay Sternberg for the goods and that he had already paid in part. But that was harmless because a witness, Greenspan, testified to the value of these goods, having qualified for that purpose after cross-examination, as to his knowledge of values. But there was no proof of the market value of the goods received from the Castle Island Linen Company except the bill for them which had been rendered to Mr. Orr. This was admitted as proof of their value. It was not supplemented by any other competent testimony. It was error to admit this evidence.

Because this case must be tried again it has been minutely examined in order to indicate to counsel the views of the court upon the several points mooted under this writ, this course being deemed better under the circumstances than to reverse upon a single point.

The judgment is reversed and the record remitted to the court below to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOOR-HEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, J.J. 16.