Johnson, J.
The plaintiff brought her suit as the beneficiary under an industrial insurance policy. The defendant admitted the issuance and delivery of the policy; that the premiums were paid until the death of the insured; that proofs of death were furnished; and that it has not paid the amount of the policy. The controversy arose out of the following provisions therein: “But this contract shall not be in force unless the first weekly premium has been paid, and the insured is alive and in sound health upon the date hereof, meaning thereby and referring solely to the state of health of the insured at the date of the delivery of this policy, and not to any changes which may have taken place in the health of the insured, between said date and any previous date; and shall also be void if the insured before its date, has been rejected for insurance by this or any other company, or has been attended by a physician for, or has had before said date any *6 tubercular disease or consumption, or chronic bronchitis, or cancer, or epilepsy, or disease of the brain, heart, liver or kidneys and the evidence or testimony of any physician to, or medical adviser of, the insured as to such diseases or complaints shall be admissible.”
Defendant pleaded noncompliance on the part of insured with the provisions quoted. The trial court entertained the view that upon the issue thus tendered the burden of proof rested upon the plaintiff, and, therefore, after the plaintiff had introduced the policy and rested her case, sustained the motion of the-defendant to instruct a verdict in its favor.
The contention is that the provisions quoted constitute conditions precedent, and that the burden was cast upon the plaintiff to prove compliance with those conditions.
There is a conflict in the decisions of the courts of this country on that question. The courts of appeals of this state are not in harmony concerning it, and the case of Prudential Insurance Co. v. Zimmer, Admr., decided by us this day, was certified here by the court of appeals of Hamilton county on the ground that its judgment was in -conflict with a judgment on the same question rendered by the court of appeals of Highland county.
A policy of life insurance is a contract. It implies a meeting of minds. A contract of life insurance ordinarily, and particularly one such as involved in this case, differs from most other contracts in that it is not entered into for the benefit of the insured, but for some dependent. Its funda *7 mental purpose is to secure by small premiums the payment of a sum certain, to the beneficiary. The rules which control the interpretation of life insurance policies are those which govern contracts generally. They are usually prepared by the company, and, where they are reasonably subject to conflicting interpretations as to the intention of the parties, must be construed strictly against the company. They must be given such a construction as will effectuate and sustain, rather than defeat, the object of parties in entering into them.
Courts should have in mind the parties and their relation to each other when the contract was made, in the effort to find the meaning of provisions upon which their minds may reasonably be said to have met at the time. And in all cases the endeavor should be to arrive at the intention of both parties; of the insured, as well as of the insurer. We suppose these principles to be not open to dispute.
It is urged that the insured will be presumed to have read and understood the terms of his policy; and, in the absence of fraud or circumstances legally shown to the contrary, this is true. But if we adopt the view entertained by the courts below we must find that the insured intended that before his widow should have the right to recover the $448 named in the policy, on his death at some future time, she should be compelled to undertake the task of going into the past and producing affirmative evidence on her side of an issue of wide range tendered by the company concerning the health and condition of her husband at the time of and prior to the issuance of the policy. The difficulties ant *8 impracticable character of such an undertaking are at once apparent.
There has been no decision of this court on the question made in this case, but in Metropolitan Life Ins. Co. v. Howle, 68 Ohio St., 614, the following was held: “Where a policy of life insurance has a condition to the effect that the company assumes no obligation unless the insured is at the date of the policy alive and in sound health, and there is an issue as to whether at that time the insured was in sound health, the insurance company is entitled upon the trial to have the jury instructed unconditionally to find for the company in case they find that the insured was not in sound health at the date of the policy.”
The defendant in that case offered testimony tending to show that on the date of the issuance of the policy the insured was not in sound health. There is in that case no expression of opinion by the court as to where the burden of proof upon that issue rested. So far as the record discloses the trial may have proceeded on the theory that the defendant had the burden. There is in the proposition above stated no requirement that the jury must find affirmatively that the insured was in sound health. It is wholly unnecessary here to enter into an examination of the cases on the different sides of this question. The same general reasons are given by the different courts, varying in accordance with the conclusion adopted.
On the question of the nature of the provisions under consideration it is said in Chambers v. Northwestern Mutual Life Insurance Co., 64 *9 Minn., 495, 497: “A condition precedent, as known in the law, is one which is to be performed before the agreement of the parties becomes operative. A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend. In the case of a mere warranty, the contract takes effect and becomes operative immediately. It is true that, where a policy of insurance so provides, if there is a breach of a warranty, the policy is void ab initio. But this does not change the warranty into a condition precedent, as understood in the law. It lacks the essential element of a condition precedent, in that it contains no stipulation that an event shall happen or an act shall be performed in the future, before the policy shall become effectual. It is more in the nature of a defeasance, where the insured contracts that, if the representations made by him are not true, the policy shall be defeated and avoided. But, even if these warranties are to be deemed conditions precedent, it has become settled in insurance law, for practical reasons, that the burden is on the insurer to plead and prove the breach of the warranties.”
The case which has probably come to be regarded as the leading one in support of the opposite view is that of Lee v. Prudential Ins. Co., 203 Mass., 299. In that case the defendant contended that-the payment of the premium while the insured was in good health was a condition precedent to the policy’s taking effect, and that it was incumbent *10 upon plaintiff to prove, not only that the policy was delivered, but that the first premium was paid while the insured was in good health. This was held to be correct. The court, however, point out that the ruling of the trial court went further, to the effect that there was no evidence to submit to the jury on this point, and a verdict for the defendant was directed.
It will be observed that that was the view of the trial court in the case we are now examining.
As to this ruling of the trial court, in the Lee case, the Massachusetts supreme court says, at page 302: “As the first premium was to be paid at the time of the delivery, it was perhaps a fair matter of inference from the language of the policy as to the consideration, that the defendant’s premium had been paid. There was ground for a contention that the delivery of the policy containing this recital is evidence in the nature of an admission, not binding, of course, that this premium had been paid ‘in the manner specified,’ and that ‘in the manner specified’ meant while the insured was in good health. We appreciate that there might be force in a contention to the contrary. * * * Not only was the policy delivered, but it was delivered by an agent of the defendant, who, to a certain extent, was charged with the duty of ascertaining whether it ought to be delivered, and ought to take effect, and whether the company ought to receive the payment of the premium upon it.”
The exceptions of the beneficiary in that case were sustained on these and other grounds, and *11 it was held that the case should have been submitted to the jury.
In Mohr v. Prudential Ins. Co., 32 R. I., 177, the same view was sustained.
In the Lee case, supra, the court remarks at page 303: “It is matter of common knowledge that life insurance companies do not issue such policies until they have received what they regard as satisfactory evidence that the person to be insured is in good health.”
It is also common knowledge that policies are issued at the solicitation of the company, and it may well be said that it is the duty of the insurance company not to enter into a contract of such a character until it is convinced that the insured is in good health. It would seem to be a just and reasonable proposition that the insured has a right to believe that the company has become so convinced, and to rely on his contract, in the absence of fraud or misrepresentations on his part, or a failure of some warranty made by him. In such -case the company is not denied any proper defense; but, if it asserts a defense, it must assume the burden of proving it. The time to demand from the insured such satisfactory evidence is when the contract is being made and while the insured is alive.
There is general agreement in the definition that a condition precedent is one that is to be performed before the agreement becomes effective.
It calls for the happening of some event, or the performance of some act, after the terms of the contract have been agreed on, before the contract shall be binding on the parties.
*12 In the case of a warranty, the contract takes effect; but it may provide that if there is a breach of the warranty or a misrepresentation of fact the contract is void ab initio.
The term “warranty” is used in various distinct connections. In a note in 40 Cyc., 493, it is said: “Warranty is used as equivalent to a condition precedent in the sense of a descriptive statement vital to the contract.”
Now in this case k does not appear that any application for the policy was made in writing before its issuance. It was delivered and the premium paid. The presumption is that the company then had what it regarded as satisfactory evidence that the insured was in sound health. The provisions in question do not require that “some event shall happen,” or “some act shall be performed” afterwards, in order that the contract shall be in force. They are rather in the nature of a warranty that a certain state of facts which the parties supposed to then exist did in truth exist. That is the construction which the parties themselves placed upon the contract, for they proceeded to carry it out by the payment and acceptance of premiums in accordance with its terms. When the company accepted the premium and delivered the policy it became effective, and, if the insured, relying on the validity of his policy, continued to pay the premiums until his death, and the company continued to receive such payments believing the facts warranted to be true — and it surely would not put'itself in the attitude of asserting the contrary — the policy remains effective unless the com *13 pany alleges and proves the breach of the warranty. All of the provisions referred to were included in the policy for the benefit of the defendant. Non-fulfillment of them is matter of defense to' be alleged and proved by defendant. Any other rule would impose unreasonable hardships on the plaintiff.
We think that the purpose and intent of the parties in entering upon the contract will be better effectuated by holding that the burden of alleging and proving the noncompliance with those provisions rests upon the defendant company, and that justice requires it.
The judgment below will be reversed.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Matthias and Donahue, JJ., concur.