MOLNAR *v.* CENTRAL MUTUAL AUTO INSURANCE CO.
OF DETROIT.

INSURANCE — THEFT INSURANCE — DUTY OF INSURER TO ALLEGE
AND PROVE BREACH OF CONDITION IF RELIED ON.
  In an action on an automobile theft insurance policy, it
  was not necessary for insured to allege and prove com-
  pliance with a condition of the policy in regard to main-
  taining a lock on the car and locking it when unattended,
  but if noncompliance with such condition was to be used
  by insurer, under Circuit Court Rule No. 23, § 4, it was
  its duty to give notice thereof with its plea, and it also
  had the burden of proof thereof.

Error to Wayne; Moynihan (Joseph A.), J.   Sub-
mitted January 4, 1928.   (Docket No. 32.)   Decided
February 14, 1928.

Assumpsit by Joseph Molnar against the Central
Mutual Auto Insurance Company of Detroit on a policy
of insurance.   Judgment for plaintiff.   Defendant
brings error.   Affirmed.

*Guy W. Moore* and *Hal P. Wilson,* for appellant.

*Barbour & Martin* (*W. Ralph Delaney,* of counsel),
for appellee.

CLARK, J.   Plaintiff's automobile, insured by de-
fendant, was stolen and suit was brought on the policy.
The declaration follows section 5, Circuit Court Rule
No. 22, in setting forth no more than "the execution,
the date, the amount of the policy, the premium paid
or to be paid, the property or risk insured, the interest
of the insured, and the loss."   The plea was the general
issue.   After the proofs were closed defendant sought

Burglary and Theft Insurance, 9 C. J. §§ 12, 14; Insurance,
33 C. J. § 802.

to amend its plea to give notice thereunder of a defense and was refused.    It is not here contended that the refusal was error.    Plaintiff had verdict and judgment.    Defendant brings error.    The sole matter urged here is that plaintiff did not show compliance with the following, contended to be a condition precedent of the policy:

"This company will pay    *    *    *    providing car is equipped with lock approved by the Underwriter's Laboratories Incorporated    *    *    *    and owner maintains the efficiency of such locking devices    *    *    * and locks car when unattended,"

—and therefore did not make a case, and that the court erred in refusing for that reason to direct a verdict for defendant.    We quote section 4, Circuit Court Rule No. 23:

"In a suit upon a policy of insurance, if the defendant shall rely, in whole or in part, upon any breach of any of the conditions, agreements, representations or warranties of the policy or application therefor, or upon the failure to perform or make good any promise, representation or warranty, or upon the failure to furnish any proof of loss, as required by the policy, there shall be added to the plea a notice plainly indicating the nature of the defense relied upon."

If a defendant would use in his defense matter covered by the rule just quoted he must set it forth with his plea and he has the burden of proving it. The rule is plain.    It uses the word conditions without qualification.    It makes no distinction between conditions, warranties, promises, and representations. A plaintiff is required to prove what he is required to aver in his declaration.    It was not upon plaintiff in either pleading or proof to affirm compliance with such provisions of the policy or to negative breach thereof.    If noncompliance or breach was to be averred it was upon defendant to do it and it could not defend on the ground of the claimed breach in the ab-

sence of a notice added under its plea plainly indicating the nature of the defense relied upon.  *Douglas* v. *Insurance Co.*, 215 Mich. 529; *Emery* v. *Guarantee Corp.*, 209 Mich. 295; *McLaughlin* v. *Insurance Co.*, 221 Mich. 479; 33 C. J. p. 89.

In *Mumaw* v. *Insurance Co.*, 97 Ohio St. 1 (119 N. E. 132), it was held in the trial court that certain provisions of the policy constituted conditions precedent and that the burden was on the plaintiff to prove compliance with those conditions.  In reversing, the appellate court said:

"All of the provisions referred to were included in the policy for the benefit of the defendant.  Non-fulfillment of them is matter of defense to be alleged and proved by defendant.  Any other rule would impose unreasonable hardships on the plaintiff."

In *Chambers* v. *Insurance Co.*, 64 Minn. 495 (67 N. W. 367, 58 Am. St. Rep. 549), a question for decision was:

"Was the burden on the plaintiff to allege and prove the truth of the answers to the questions contained in the application, or was it upon the defendant to allege and prove their falsity?"

The court said:

"It is more in the nature of a defeasance, where the insured contracts that, if the representations made by him are not true, the policy shall be defeated and avoided.  But, even if these warranties are to be deemed conditions precedent, it has become settled in insurance law, for practical reasons, that the burden is on the insurer to plead and prove the breach of the warranties."

Judgment affirmed.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.