## MARGARET HARTY *vs.* EAGLE INDEMNITY COMPANY.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

564

Argued November 1st—decided December 18th, 1928.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

MALTBIE, J. The plaintiff, having secured a judgment against one Mabel E. Haskell on account of injuries caused by negligence in the operation of an automobile owned by her, brings this action under the provisions of Chapter 331 of the Public Acts of 1919, to recover the amount of that judgment from the defendant, which had issued to Miss Haskell a policy of insurance agreeing to indemnify her against loss arising out of such a liability as that involved in the judgment. The plaintiff alleged that Miss Haskell had duly performed all the conditions of the policy incumbent upon her and to this allegation the defendant filed a simple denial. The testimony failed to disclose that Miss Haskell had performed any of those conditions and the trial court gave judgment for the defendant, overruling the plaintiff's claim that, in the absence of any

special defense based upon a failure of Miss Haskell to fulfil one or more of those conditions, it was not necessary for him to introduce evidence that she had fulfilled them.

Under *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 703, 52 Atl. 490, *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 286, 58 Atl. 963, *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, 18, 84 Atl. 109, *Martoni* v. *Massachusetts Fire & Marine Ins. Co.*, 106 Conn. 519, 520, 138 Atl. 462, and *Sortito* v. *Prudential Ins. Co.*, 108 Conn. 163, 142 Atl. 808, it has become the established law of this State that one instituting an action upon an insurance policy is only obliged to allege in his complaint, in general terms, that the various conditions precedent stated in the policy have been fulfilled; that it is then incumbent upon the defendant, by way of special defense, to set up such failures to comply with such conditions as it proposes to claim; that the burden rests upon the plaintiff to prove compliance with the conditions so put in issue, but that, as to other conditions precedent, compliance is presumed, without offer of proof by the plaintiff. The *Hennessy, Vincent, Benanti,* and *Sortito* cases all dealt with claimed misstatements in the applications for insurance, and in the first the rule is based upon the ground of a natural presumption of fact in favor of the truth of the solemn acts and declarations involved in entering into such contracts. The *Vincent* and *Benanti* cases, however, recognize the underlying reason for the rule, that, in the interest of economy of time and effort and of simplicity of procedure, the plaintiff should be relieved of the necessity of pleading and proving facts which the defendant never proposes to put in actual issue. See *Peidmont & Arlington Life Ins. Co.* v. *Ewing*, 92 U. S. 377; *Chambers* v. *Northwestern Mut. Life Ins. Co.*, 64 Minn. 495, 497,

67 N. W. 367; *Orr Trucking & Forwarding Co.* v. *Metropolitan Surety Co.*, 77 N. J. L. 749, 752, 73 Atl. 541. From this standpoint, the procedure works no drastic change in the principles of pleading and proof, but, in the very exceptional situation created by the numerous conditions stated in insurance policies, it regards as not in issue any condition precedent upon which the defendant does not, by a special plea, indicate that it proposes to rely. Bliss on Code Pleading (3d Ed.) §356a. The rule thus applies not merely to statements made in applications for insurance, but to all conditions precedent stated in policies of insurance.

The defendant particularly relies on the failure of the plaintiff to offer evidence of compliance with a provision in the policy, which is designated "a condition precedent," to the effect that, upon the occurrence of any accident covered by the policy, the insured would give immediate written notice to the insurer and would forward forthwith upon receipt all process and papers relating to any claims, suits or proceedings. Accepting the view of both parties, as indicated in their briefs, that these requirements of the policy are conditions precedent, it would follow from the rules we have stated that the plaintiff was not obliged to offer proof of a compliance with them in the absence of a special defense alleging a failure to do so. It is true that in the *Benanti* case, speaking of the right of an insured to recover, we state as the essential facts which he must establish, "proof of his interest, the issuance of the policy to him, the loss, and compliance with the proofs of loss." Under the standard form of fire insurance policy, which we then had before us, proofs of loss serve two main purposes; they afford the basis for determining the amount of the loss recoverable under the policy, and they fix a time when such amount becomes payable. General Statutes, §4075. A plain-

tiff could hardly establish the basis for a judgment unless he proved that he had made such proofs or showed facts having an equivalent effect in the law. The provisions of the policy before us as to the giving of written notice of an accident and the forwarding of the papers connected with any action growing out of it do not present an analogous situation. The defendant, having failed to put in issue by special plea the compliance of Miss Haskell with these provisions, the plaintiff was not obliged to offer evidence that she had complied with them.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.