### ALVIN D. WADSWORTH, JR.
*vs.*
### AETNA LIFE INSURANCE CO.

### MARION I. WADSWORTH
*vs.*
### AETNA LIFE INSURANCE CO.

Superior Court          Fairfield County          File Nos. 63215
                                                            63230

### MEMORANDUM FILED JANUARY 6, 1942.

*Smith & Devine,* of Norwalk, for the Plaintiffs.

*Pullman & Comley,* of Bridgeport, for the Defendant.

INGLIS, J. These are actions brought on a policy of insurance apparently issued by the defendant, although that is not specifically alleged in the complaint in case No. 63230, which policy apparently was a combination of life and accident insurance although copies of the policy have not been filed as promised in the complaint.

The demurrer in each case is based on the ground that the complaints respectively do not allege that written notice of the injury was given within 20 days as required by the policy and, in case No. 63215, on the further ground that it is not alleged that proof of loss was furnished.

It is, of course, true as contended by the plaintiffs that it is sufficient for a plaintiff in actions such as these to allege in general terms fulfillment of all of the conditions precedent stated in the policy and then it is incumbent on the defendant to allege noncompliance as a special defense. *Harty vs. Eagle Indemnity Co.*, 108 Conn. 563.

Assuming, however, as seems to be conceded by the plaintiffs, that the policy involved here does impose as conditions of liability that notice of the injury and proof of loss shall be furnished, there is no broad allegation in either complaint that all conditions have been complied with. The closest that these complaints come to such an allegation is the allegation in No. 63215 that the defendant has refused to make payment under the terms of the policy "although the same have been due and payable in accordance with the terms of the same" and in No. 63230 that the sum of $30,000 is due "in accordance with the terms of said policy." These allegations are mostly allegations of law rather than of fact and, in any event, they are not the equivalent of allegations that all conditions contained in the policy have been fulfilled. The contention of the defendant, therefore, to the effect that the complaint does not allege compliance with certain specific conditions, is well made.

The demurrer in each case is sustained on the grounds therein set forth.