[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE; MOTION FOR SUMMARY JUDGMENT #105 and #109
On September 14, 1990, the plaintiff, Carol Kissh filed a complaint against the defendant, Automobile Insurance Company of Hartford ("AICH"), in which she alleged that on March 2, 1987, while operating a 1978 Datsun, she was injured in an CT Page 62 accident involving an automobile driven by Janet Suckley. The plaintiff alleges that, on August 23, 1990, she received a settlement from American Universal Insurance Company, Ms. Suckley's insurance carrier in the amount of $95,797.56 exhausting Ms. Suckley's insurance policy.
The plaintiff alleges that she had in effect an insurance policy ("the contract"), issued by the defendant, covering three automobiles, including the aforementioned Datsun. The plaintiff further claims that the policy provided coverage for loss caused by the owners or operators of uninsured or underinsured motor vehicles who are liable to pay damages to persons insured under this policy.
The plaintiff contends that she was entitled to recover damages from Ms. Suckley for personal injuries, and that she is now entitled to recover from the defendant the remaining damages unpaid as a result of Ms. Suckley being underinsured. The plaintiff alleges that the effective limit of coverage under her policy with AICH is $900,000.00, and that the defendant has failed to make payments under the terms of its policy.
On November 5, 1990, the defendant filed an answer to the complaint in which it primarily left the plaintiff to its proof. The defendant also filed two special defenses, the second of which is that the plaintiff failed to bring her claim for underinsured benefits within two years as required by the policy. On July 29, 1991, the defendant filed a motion for summary judgment on the basis that the plaintiff made an untimely claim for underinsurance benefits pursuant to the policy. Attached to the motion were a supporting memorandum and an affidavit.
On August 12, 1991, the plaintiff replied to the special defenses with a general denial. The plaintiff also filed a motion for summary judgment on the issue of liability claiming that the defendant has relied upon special defenses which set forth no statutes, no regulations, no policy provisions and no facts. The plaintiff attached a supporting memorandum and an affidavit to its motion. Additionally, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment and, on September 6, 1991, the defendant filed a reply to the plaintiff's memorandum. On October 18, 1991, the defendant filed a memorandum in opposition to the plaintiff's motion for summary judgment. Subsequently, on December 9, 1991, the defendant filed a supplemental reply to the plaintiff's memorandum in opposition to the defendant's motion for summary judgment and attached thereto a copy of the contract. On January 15, 1992, the plaintiff filed a CT Page 63 supplemental claim of law.
Summary judgment is provided for in Practice Book Sections 378-384 as a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990) (quoting Practice Book Section 384). The trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party," Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990). Additionally, the pleadings between the parties to the motion must be closed before a party may move for summary judgment. Practice Book Section 379; Griggs v. B G Land, Inc., 24 Conn. App. 610, 611-12, 590 A.2d 982 (1991).
The defendant's motion for summary judgment was filed here prior to the plaintiff's reply to the special defenses, which was filed on August 12, 1991, Thus, the pleadings were not yet closed. Practice Book Section 112. However, this error was rendered harmless by the subsequent filing of the plaintiff's reply. Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 4 513 A.2d 1218 (1986).
The defendant, in its memorandum in support of its motion for summary judgment, claims that General Statutes Section 38a-290 permits it to limit to two years the time within which a claim for underinsured coverage may be brought, and that the plaintiff failed to bring such a claim or suit for underinsured benefits within two years of the accident. Accordingly, the defendant contends, the plaintiff's right to claim benefits has expired. In its memorandum opposing the motion for summary judgment, the plaintiff claims that the defendant is not authorized to limit the time within which an action seeking underinsured motorist coverage may be commenced, and that the motion for summary judgment should, therefore, be denied.
The contract provides, in Part C, for Uninsured Motorists Coverage. Under Part F, General Provisions, the contract states, inter alia, that "[a]ll claims or suits under Part C. must be brought within two years of the date of accident.' The key issue before this court is whether or not there exists a distinction between uninsured and underinsured coverage. An uninsured motor vehicle "is generally defined as a vehicle to which no bodily injury bond or policy applies at CT Page 64 the time of the accident." Nationwide Insurance Co. v. Gode,187 Conn. 386, 392, 446 A.2d 1059 (1982). Thus, an uninsured motor vehicle has no automobile liability insurance See Simonette v. Great American Insurance Co., 165 Conn. 466, 470,338 A.2d 453 (1973) An underinsured motor vehicle is a "motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made. . . ." General Statutes Section 38a-336(d) (formerly Section 38-175c(b)(2)). To determine whether a motor vehicle is underinsured for purposes of General Statutes Section 38a-336, the aggregate of the limits of all such bonds and policies on the tortfeasor's motor vehicle is compared against the amount of uninsured motorist coverage of the insured. American Universal Insurance Company v. DelGreco, 205 Conn. 178, 194,530 A.2d 171 (1987). Furthermore, the definition of an underinsured motor vehicle contained in General Statute Section38a-336(d) applies only to the tortfeasor's motor vehicle, and underinsured motorist coverage is triggered when the tortfeasor's automobile liability coverage is exhausted. Id. at 195-96. (emphasis added.). In Continental Insurance v. Cebe-habersky, 214 Conn. 209, 571 A.2d 104 (1990), the court adopted the meaning of "exhaust" from Webster's Seventh New Collegiate Dictionary of "to draw off or let out completely: to use up; [or] wholly expend." Id. at 212. (Emphasis in original.) Accordingly, full payment on the tortfeasor's policy is a condition precedent to an insurance company's obligation to pay on an underinsured motorist claim Id.
General Statutes Section 38a-336(a)(1) states, in pertinent part, that every automobile liability insurance policy shall provide uninsured motorist coverage ". . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles . . . ."
It has long been held that "`when the language of a statute is plain and unambiguous, [this court] need look no further than the words themselves because [it] can assume that the language expresses the legislature's intent.'" Traveler's Indemnity Co. v. Malec, 215 Conn. 399, 404, 576 A.2d 485 (1990) (quoting State v. White 204 Conn. 410, 421, 528 A.2d 811
(1987)). Furthermore, "[i]t is an elementary rule of construction that statutes should be considered as a whole, with a view toward reconciling their separate parts in order to render a reasonable overall interpretation. . . .'" Peck v. Jacquemin, 196 Conn. 53, 63, 491 A.2d 1043 (1985) (quoting CT Page 65 United Aircraft Corporation v. Fusari, 163 Conn. 401, 411,311 A.2d 65 (1972)).
General Statutes Section 38a-290 provides, in pertinent part, that
 No insurance company doing business in this state shall limit the time within which any suit shall be brought against it or, with respect to subdivision (d) of this section, any claim shall be submitted to arbitration on . . . (d) the uninsured motorist provisions of a motor vehicle insurance policy to a period less than two years from the date of the accident. . . .
Id. (Emphasis added.)
The legislature is presumed to know of existing statutes when enacting other statutes. State v. Kozlowski,199 Conn. 667, 678, 509 A.2d 20 (1986). Additionally, this court is "entitled to presume that if the legislature intended [section 38a-290 to include provisions with regard to time limitations within which to bring claims pursuant to underinsured motorist provisions], language to that effect would appear in the statute." Malec, supra. Thus, because General Statute Section 38a-336(d) discusses, specifically, underinsured motorists see also DelGreco, supra, and because the language of General Statutes Section 38a-290(d) is clear and unambiguous, providing only for uninsured motorist provision claims, this court finds that the time provisions of General Statutes Section 38a-290(d) refer to uninsured motorist coverage only.
The next issue, then, is whether the contract here can regulate the time within which a suit can be brought regarding underinsured coverage. Because a claimant must exhaust the tortfeasor's liability insurance before underinsured coverage is triggered DelGreco, supra, the two year limitation contained in the contract in question is not applicable here, as the tortfeasor's existing policies were not exhausted within two years of the accident. Indeed, had the plaintiff filed a claim within the two year period so as to comply with the contract, the defendant would have moved to dismiss the plaintiff's claim because she failed to exhaust the tortfeasor's existing policies. Consequently, because the plaintiff is required to exhaust all existing policies of the tortfeasor before she can file a claim against her underinsured motorist provisions pursuant to General Statutes Section 38a-336, the defendant's motion for CT Page 66 summary judgment is denied.
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In its memorandum in support of its motion for summary judgment, the plaintiff contends that the defendant has not sufficiently pled the policy provisions upon which it relies in its special defenses and, consequently, judgment should be entered in the plaintiff's favor. The defendant, in responding to this motion, claims that it has sufficiently pled the policy provisions upon which it relies, and that the plaintiff's motion for summary judgment should be denied.
The general rule in Connecticut is that
 [O]ne instituting an action upon an insurance policy is only obliged to allege in his complaint, in general terms, that the various conditions precedent stated in the policy have been fulfilled; that it is then incumbent upon the defendant, by way of special defense, to set up such failures to comply with such conditions as it proposes to claim; that the burden rests upon the plaintiff to prove compliance with the conditions so put in issue.
Harty v. Eagle Indemnity Co., 108 Conn. 563, 565, 143 A. 847
(1928). See also Young v. American Fidelity Insurance Company, 2 Conn. App. 282, 285, 479 A.2d 244 (1984).
In the present case, the defendant has complied with the standard outlined in Harty, supra. The defendant has apprised the plaintiff of the policy requirements upon which the defendant intends to rely. Consequently, in accordance with Harty the plaintiff must now prove compliance with the enunciated provisions. Thus, the plaintiff's motion for summary judgment is denied.
PICKETT, J. CT Page 67
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 68
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 69
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 70