[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#178) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#177)
The above matter is an action by an attorney-at-law against the defendant insurance carrier, based upon an alleged refusal to provide a defense against an alleged malpractice claim against the plaintiff attorney, brought by his brother.
The alleged claim arose as a result of an amendment to complaint CT Page 11079 previously brought in the Superior Court at Litchfield. (D.N. 82-36746). The plaintiff therein, a brother (Roger) of the plaintiff herein (Carl), brought an action on October 27, 1982 seeking to set aside a probate court decree admitting to probate their late mother's will. On May 4, 1983, a second count was added setting forth a contract cause of action. On May 1, 1984 a third count was added, over the objection of Carl; a motion to strike was denied May 25, 1984. On June 29, 1984, counsel for Carl sent a letter to the defendant carrier reciting the above and starting that the Third Count purports to involve Carl's conduct as and attorney and that Roger stated such count to be for: legal malpractice. While expressing doubt that the Third Count stated a cause of action, the letter states, "we decided to give notice to you according to the provisions of [Carl's] professional liability policy."
It is not disputed that the policy issued by the defendant carrier to the plaintiff provided for the defense of any suit alleging an act or omission of Carl arising out of his performance of professional services for other as a lawyer. It is likewise not disputed that the defendant carrier provided no such defense. At trial, a verdict on the Third Count was directed in favor of Carl.
The facts underlying the suit against the defendant involved the relationship between Carl, the plaintiff herein, his brother Roger, and dealings between the brothers with respect to property in New Milford originally owned by their mother who died in 1978. Such facts are detailed in Dunham v. Dunham, 204 Conn. 303
305-308, q.v.
Carl has moved for summary judgment as to liability only alleging that the pleading are closed and there is no material issue of fact. Practice Book 384. The defendant carrier has filed a cross motion for summary judgment. At a hearing on said motion, the defendant carrier withdrew a special defense of statute of limitations. At issue is whether policies issued by the defendant to the plaintiff in effect for November 7, 1971 through November 7, 1977 provide Carl with the coverage he claims.
I. The Policy
It is not disputed that the defendant carrier issued a Lawyers Profession Liability Policy to the plaintiff, effective November 7, 1971 or one year, and that such policy was renewed annually, CT Page 11080 as as to provide coverage through November 7, 1977. A copy of the form policy is attached to Carl's motion.
The policy was written on an "occurrence" basis.
"The occurrence form [of liability policy] affords coverage for acts and omissions arising from professional services which were performed during the term of the policy regardless of when the actual claim is asserted." American Home Assurance Company v. Dykema Gossett, et al., 811 F.2d 1077, 1085 (Defendant' Memorandum in Opposition, p. 29) ". . . if an act or omission occurs and damage is caused sufficient to create a cause of action during the policy period, the claim may be made outside the policy period under an occurrence form policy." Ibid., p. 30.
II. Plaintiff's Claims
The essential claim of the plaintiff Carl is that a fair reading of the Third Count of the Amended Complaint of Roge Dunham, supra (May 1, 1984), alleges act of legal malpractice occurring in April 1974 when the defendant carrier's policy was in effect.
An analysis of this claim breaks down into three considerations:
 (a) do the allegations of the complaint permit a construction that legal malpractice is involved; (b) did such acts or omissions, constitutions, constituting legal malpractice occur in April 1974, i.e., during the period covered by the policy period;
(c) is there a claim for damages occurring in this period.
The immediate issue is whether the pleadings will allow evidence of the appropriate standard of due care to be introduced at trial. Dunham, supra, pp. 316, 317.
Both sides have discussed the case of Missionaries of The Company of Mary, Inc. v. Aetna Casualty Surety Co.,155 Conn. 104, for authority on the duty of and insurer to defend an claim against the insured.
In that case, the Supreme Court noted that "The complaint, on its face, appeared to bring the injury within the provision of the policy which insured the plaintiff . . . Under such circumstances, the duty to defend the action was imposed on the defendant." p. CT Page 11081 111. This in turn, "depends on whether the complaint in that actions stated facts which appeared to bring [the] claimed injury within the policy coverage." p. 110.
As found, supra, the amended complaint does in fact state facts — nature of claim, time and damage — which appear to bring such complaint within the policy coverage. Again, as noted supra at page 113, the insurer could either refuse to defend or defend under a reservation of right to contest the coverage. It chose not to defend.
The court finds that on the issue of whether the defendant carrier had a duty to defend, there is no material fact in dispute. Following the rule in Missionaries, the complaint, on its face, appears to bring the claim within the provision of the policy.
The operative language on this is contained in Count Three of the Amended Complaint of May 1, 1984. Paragraph 22 reads as follows:
 "22. As a result of the wrongful conduct of the defendant while a Commissioner of the Superior Court, and while acting as attorney for the late Jessica Dunham, the estate of the late Jessica Dunham, and the plaintiff, all at the same time, the plaintiff has been grievously harmed and damaged in the following respects . . .
 h. The wrongful conduct of the defendant in securing the alleged transfer of the airport land from Jessica Durham, which was a product entirely of his own self-interest and was inconsistent with the interest of his clients, (emphasis added), greatly diminished the nature of the estate of Jessica Dunham, and was intended to hinder the plaintiff in pursuing his claim to the airport land, notwithstanding the defendant's repeated statements to the plaintiff that the airport would pass to him."
It is not disputed that Carl obtained a deed from his mother to the airport land in 1974. The allegation in subparagraph (h) supra, claims that his action in obtaining the deed to the airport land was inconsistent with the interests of his clients.
Representing conflicting interests is a violation of the Rules of Professional Conduct (Rule 1.7). This is true if one of the interests is that of the lawyer. Comment to Rule 1. "Lawyer's Interests". Conn. Practice Book (p. 16). 7 Am.Jur. Attorneys at Law, CT Page 11082 49
Such conduct may also subject the lawyer to liability of malpractice. Ibid. 198.
This issue is whether under the pleading of the Third Count Roger would have been allowed to introduce evidence as to whether the conduct as alleged was in violation of the appropriate standard of care, i.e., by expert testimony. In the opinion the court, the pleading would allow such testimony to come in. Accordingly, the cited pleading sounds in legal malpractice. Shelnitz v. Greenberg, 200 Conn. 58, 60; Dunham, supra, p. 317.
The cited pleadings refer to the time period when to airport land was allegedly transferred to the plaintiff herein i.e., in 1974. As such, a claim based upon such alleged misconduct would be within the policy period.
The third element to determine such coverage is whether to complaint alleges he suffered any damage within the police period, as opposed to the time of the alleged wrongful act. American Home Assurance Co. v. Dykema Gossett, et al., supra, p. 1085.
Subparagraph (d) of Paragraph 22 of Roger's Amended Complaint alleges the wrongful conduct of Carl in allowing Roger to continue to act an forebear from actions with respect to the airport land subjected Roger to substantial expenditures of time and money which were otherwise avoidable.
Again, this allegation would permit the submission evidence to establish damages within the pertinent police periods.
The defendant has also filed a motion for summary judgment on the following bases:
1. Policy expiration.
2. Claim is based upon intentional wrongful conduct.
3. Lack of notice.
The court has found that the defendant had a policy in effect at the pertinent times as to require the defendant to comply with its policy obligations. CT Page 11083
The court has further found that the claims made against the plaintiff herein sound in legal malpractice. The claim made by the defendant that such acts are as alleged in the complainant's complaint are not covered is beyond the scope of this action. As found, supra, the duty to defend is fixed of a court shall find that the complaint appears to be within the provisions of the policy. The factual matters claimed in the second ground cannot be raised in this proceeding.
The third ground is lack of timely notice. This was not pleaded as required by law. See, Harty v. Eagle Indemnity Co. 108 Conn. 563,566, 567; Gaudet v. Safeco Ins. Co., 219 Conn. 391, 402, n. 11.
The Motion for Summary Judgment of the plaintiff Carl as to liability is granted.
The defendant carrier's Motion for Summary Judgment is denied.