DONALD J. GRIGGS *v.* B AND G LAND, INC., ET AL.
(9290)

SPALLONE, LANDAU and CRETELLA, Js.

Argued January 10—decision released May 14, 1991

*Gary J. C. Woodfield,* for the appellant (plaintiff).

*Martin M. Rizzi,* for the appellee (defendant Charles G. Karanian).

PER CURIAM. The plaintiff, Donald J. Griggs, appeals from the judgment of the trial court granting the defendant Charles G. Karanian's motion for summary judgment.

The plaintiff filed a complaint against four defendants, B & G Land, Inc., Bradley Chevrolet, Inc., Charles G. Karanian, and Allen W. Bradley on December 13, 1988. The defendants were represented by one attorney who filed an appearance on January 17, 1989. An answer, including two special defenses, was filed on February 2, 1989. On May 18, 1989, the plaintiff filed a reply to the defendants' special defenses. The plaintiff also filed a withdrawal as to all of the defendants except Karanian. On June 29, 1989, Karanian filed a request for permission to amend his answer and filed a third special defense asserting that the plaintiff's release of the other parties extinguished any underlying debt for which the defendant may have been responsible as guarantor. The plaintiff did not object to this request. On May 4, 1990, Karanian filed a motion for summary judgment based on his third special defense. The plaintiff filed an opposition to the defendant's motion for summary judgment and submitted his own motion for summary judgment on May 23, 1990, claiming that his release of the other defendants did not extinguish Karanian's obligation. The court granted the defendant's motion for summary judgment on June 4, 1990. A review of the record discloses that the plaintiff never filed a reply to Karanian's third special defense.

"A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, *after the pleadings are closed* as between the parties to the motion. Practice Book § 379."

(Emphasis added.) *Esposito* v. *Wethered,* 4 Conn. App. 641, 644, 496 A.2d 222 (1985). When a defendant raises a special defense, the plaintiff's reply to the special defense closes the pleadings. Practice Book § 112; *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 387 n.2, 488 A.2d 444 (1985); *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 155, 157 A.2d 914 (1959), cert. denied, 364 U.S. 506, 81 S. Ct. 281, 5 L. Ed. 2d 258 (1960). In this case, summary judgment was rendered in favor of the defendant before the plaintiff filed a reply to the defendant's third special defense. The pleadings, therefore, were not closed and the court improperly granted the defendant's motion for summary judgment.[1]

The judgment is reversed and the case is remanded with direction that the pleadings be closed forthwith.

---

[1] This case is distinguishable from *Avis Rent-A-Car System, Inc.* v. *Crown High Corporation,* 165 Conn. 608, 345 A.2d 1 (1973), and *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 513 A.2d 1218 (1986), in which, although the pleadings were not closed when the motions for summary judgment were filed, the pleadings were closed when the judgment was rendered.