[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Thomas Phillips (hereinafter the "plaintiff") filed a complaint on July 1, 1991, against Chemical Bank (hereinafter the "defendant").
The complaint alleges that the defendant, in repossessing a motor vehicle, violated the Connecticut Unfair Trade Practices Act, the Uniform Commercial Code, the Retail Installment Financing Act and the Creditors Collection Practices Act. Defendant filed an answer and a special defense on September 11, 1991. The special defense claims that the plaintiff lacks standing in bringing forth this action. Plaintiff has not filed a reply to the special defense.
On December 4, 1991, the plaintiff filed a motion for summary judgment and memorandum of law on the issue of liability. On January 10, 1992, the defendant filed a cross-motion for summary judgment and a memorandum of law in support of the motion. Plaintiff filed a reply memorandum and CT Page 2258 affidavits on January 24, 1992. Arguments on these motions were heard at short calendar on February 24, 1992.
DISCUSSION
"(A)ny party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." Practice Book Section 379. A plaintiff's reply to a defendant's special defense closes the pleadings. Doublewal Corporation v. Toffolon, 195 Conn. 384, 387 n. 2, 488 A.2d 444
(1985); Griggs v. B and G Land, Inc., 24 Conn. App. 610, 612,590 A.2d 984 (1991); see also Practice Book Section 112.
If the pleadings are not closed, the authority of the court to render permanent judgments on pending claims is restricted. Doublewal Corporation v. Toffolon, supra, 391. If a motion for summary judgment is made while the pleadings are open, the court may decide on the motion once the pleadings are closed. Brookfield v. Candlewood Shores Estates, Inc.,201 Conn. 1, 4, 513 A.2d 1218 (1986). Consequently, if a motion for summary judgment is made and the pleadings remain open, it is improper for the court to grant summary judgment. Griggs v. B and G Land, Inc., supra, 612. Indeed, it is reversible error to grant a motion for summary judgment while the pleadings are still open. Id.
It is clear that the plaintiff has not filed a reply to the defendant's special defense. Thus, the pleadings were open when the motions for summary judgment were made, and still remain open. Therefore, plaintiff's motion and defendant's cross-motion for summary judgment are not properly before this Court.
The Court therefore denies both of the motions for summary judgment, without prejudice to the parties seeking a subsequent hearing on these same motions once the pleadings are closed as between the parties. The Court has spent some time researching and contemplating the issues involved in this interesting case, and is willing to retain jurisdiction of the case to decide these cross-motions for summary judgment, but only if the parties are in agreement that the Court should do so. The Court will not be able to hear any short calendar matters until May of 1992, at the earliest, and so, if both parties agree, they are authorized to report when the matter is on a May or June 1992 short calendar (but no later) that Judge Koletsky has authorized the cross-motions for summary judgment to be referred to him. If either party, for any reason, either because a decision is desired earlier, or for any other reason, does not wish this to occur, then the matter will simply be claimed for the short calendar whenever one of CT Page 2259 the parties wishes to claim it and it will be assigned in the ordinary course to one of the judges assigned for the short calendar on the day that the case appears on the calendar.
KOLETSKY, JUDGE