[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT (#136)
ISSUE CT Page 4670
Whether the court should deny the defendant's motion for summary judgment because the pleadings are not closed.
FACTS
The following facts are alleged in the amended complaint, #103. On April 22, 1989, Craig DeVit was operating a motorcycle on Route 66 in Middlefield, Connecticut. The plaintiff's decedent, Robin A. Neils, was a passenger on the motorcycle. The motorcycle crossed the center line of the highway and struck another vehicle. The plaintiff's decedent died as a result of injuries received in the collision.
The co-defendant Red Dog Saloon Cafe, Inc. was at all relevant times a Connecticut corporation with a principal place of business on Route 66 in Middlefield, Connecticut and was the backer of the liquor outlet known as the Red Dog Saloon Cafe ("Red Dog Saloon"). The co-defendant John M. Baulski was the permittee of the Red Dog Saloon. Prior to the collision, Craig DeVit was a patron of the Red Dog Saloon. Craig DeVit was sold alcoholic beverages by the Red Dog Saloon, John M. Baulski, their servants, agents or employees on the date of the collision. The collision and the plaintiff's decedent's injuries and death were a result of the intoxication of Craig DeVit.
The plaintiff, Susan L. Neils, has been appointed the administratrix of the estate of Robin A. Neils by the Probate Court for the District of Middletown. The plaintiff is seeking to recover damages pursuant to General Statutes Sec. 30-102 from the Red Dog Saloon Cafe, Inc. and John M. Baulski for the injuries and loss of life incurred by the plaintiff's decedent.
DISCUSSION
 "A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, after the pleadings are closed as between the parties to the motion. Practice Bok Sec. 379." (Emphasis added.) Esposito v. Wethered, 4 Conn. App. 641, 644, 496 A.2d 222 (1985). When a defendant raises a special defense, the plaintiff's reply to the special defense closes the CT Page 4671 pleadings. Practice Book Sec. 112; Doublewal Corporation v. Toffolon 195 Conn. 384, 387 n. 2, 488 A.2d 444
(1985); Krupa v. Farmington River Power Co., 147 Conn. 153, 155, 157 A.2d 914 (1959), cert. denied, 364 U.S. 506, 81 S.Ct. 281, 5 L.Ed.2d 258
(1960).
Griggs v. B G Land, Inc., 24 Conn. App. 610, 611-12,590 A.2d 982 (1991).
On February 5, 1991, the defendants filed an answer and two special defenses. On May 15, 1991, the plaintiff moved to strike the special defenses. The court, Hendel, J., denied this motion on June 4, 1991. On May 28, 1991, the defendants moved to amend its answer to include a setoff. The court, Higgins, J., granted this motion on June 24, 1991. On July 31, 1991, the plaintiffs moved to strike the setoff. The court, Arena, J., denied this motion on October 31, 1991. On September 12, 1991, the defendants moved for permission to amend their answer to add a third special defense. The court, Arena, J., granted this motion on November 18, 1991. On December 4, 1991, the plaintiffs again moved to strike the setoff. The court, Arena, J., denied this motion on February 19, 1992. On February 27, 1992, the defendants filed the present motion for summary judgment.
The pleadings are not closed because the plaintiffs have not been successful in striking the defendants' special defenses and because the plaintiffs have failed to reply to the defendants' special defenses. Griggs v. B G Land, Inc., supra, 612. The file contains a notice, #135, that the case is to be dismissed unless the pleadings are closed and the case claimed to the trial list by March 31, 1992, per order of the court, Arena, J, dated February 25, 1992.
The court denies the defendant's motion for summary judgment because the pleadings are not closed.
AUSTIN, J.