[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6471
The plaintiff, Marilyn A. Langlais, sues the defendant, Guardian Life Insurance Company of America (Guardian Life), in a four count complaint for damages arising from the defendant's alleged breach of an insurance contract. Guardian Life now moves (#127) for summary judgment, which motion is granted in part and denied in part.
According to the complaint, Guardian Life insured the plaintiff under a short and long term group health and disability plan. On or about June 1, 1981, the plaintiff became disabled and began receiving benefits pursuant to the insurance contract. On or about February 25, 1984, the defendant terminated benefits even though the plaintiff is alleged to have remained disabled. On March 1, 1985, the plaintiff returned to work. In count one, the plaintiff seeks recovery of the benefits allegedly owed to her from February 25, 1984, to March 1, 1985.
In count two, the plaintiff alleges that she became disabled again in May, 1986, and that the defendant refused to pay her benefits since that date. As a result of the defendant's breach, the plaintiff claims that she has been unable to pay for health insurance, her home is being foreclosed, her business has closed and her credit rating has been destroyed.
In counts three and four, the plaintiff alleges that the defendant's acts constitute violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110b ("CUTPA"), and the Connecticut Unfair Insurance Practices Act, General Statutes38a-815 ("CUIPA"), respectively.
The defendant answered the complaint and asserted six special defenses, the first four of which allege that counts one through four are preempted by 29 U.S.C. § 1001 et seq. ("ERISA"). The fifth special defense alleges failure to exhaust her administrative remedies pursuant to the disability plan and the sixth asserts the statute of limitations as to counts three and four. The defendant also asserted a counterclaim alleging that the plaintiff failed to cooperate in the investigation of her disability claim and that it is entitled to costs and attorneys fees pursuant to ERISA.
The plaintiff has not answered or replied to the defendant's statute of limitations special defense, which was CT Page 6472 added by a request for leave to amend dated November 4, 1991.
Any party may move for summary judgment once the pleadings are closed. Practice Book 379. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. A motion shall be supported by "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. "The adverse party . . . shall file opposing affidavits and other available documentary evidence." Id. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact." Cummings Lockwood v. Gray, 26 Conn. App. 293, 297, 600 A.2d 1040 (1991).
"When a defendant raises a special defense, the plaintiff's reply to the special defense closes the pleadings." Griggs v. B G Land, Inc., 24 Conn. App. 610, 612, 590 A.2d 982 (1991). In Griggs, the court reversed the trial court's judgment granting the defendant's motion for summary judgment because the plaintiff never answered the defendant's third special defense, which was the basis for the summary judgment motion.
Because the defendant's sixth special defense, i.e., the statute of limitations, remains unanswered by the plaintiff, this ground in deciding the defendant's summary judgment motion cannot be considered.
Furthermore, none of the exhibits submitted by the defendant in support of its motion are properly before the court. They are all uncertified copies of documents to which no affidavit exists attesting to their authenticity, and therefore do not constitute "proof" or "documentary evidence." In addition, the plaintiff never attached the insurance contract to the complaint and, therefore, the contract also is not before the court in this breach of contract action.
In its motion for summary judgment, Guardian Life argues that ERISA preempts the plaintiff's state law claims; that the plaintiff failed to comply with a condition precedent in the contract; that the first count is barred by a limitations period in the contract; that CUIPA does not provide a private right of action; that the CUTPA and CUIPA counts fail to allege facts sufficient to state claims; and that the CUTPA and CUIPA counts are barred by the statute of limitations.
The Employee Retirement Income Security Act regulates "employee benefit plans." An employee benefit plan means an employee welfare benefit plan or an employee pension benefit CT Page 6473 plan or a plan that is both. 29 U.S.C. § 1002(3). A necessary component to constitute a plan governed by ERISA is that it was "established or maintained by an employer or by an employee organization." 29 U.S.C. § 1002(1) and 1002(2)(A).
As discussed earlier, none of the exhibits submitted by the defendant are admissible, including the insurance contract. The plaintiff's complaint contains no allegations that the insurance contract between her and the defendant is part of an employee benefit plan established or maintained by her employer or her employee organization. In her affidavit, the plaintiff attests:
 I was the sole proprietor of Marilyn Langlais and Associates.
 My employees were not required or mandated to participate in the MET (multi-employer trust plan).
 I intended to guarantee continuing benefits for my employees should they desire or should they enroll in the plan.
 I controlled no employee asset pool or fund as employer.
 My responsibility was to pay the premium as per the group insurance contract in full each month.
I was not compensated for that duty.
My business was not incorporated.
The plaintiff's attestations do not establish that the contract of insurance is a plan as defined by ERISA. Her attestations about a multi-employer trust plan do not refer to the insurance contract that the defendant allegedly breached. Therefore, based upon the pleadings, affidavit and proof submitted, the motion for summary judgment based on ERISA is denied because the defendant has not met its burden of proving that the plaintiff's state-law claims are preempted.
The defendant Guardian Life's second and third grounds for seeking summary judgment refer to language contained in the contract, but the contract is not before the court, and therefore the defendant has not met its burden of proving that certain provisions in the contract regarding administrative remedies bar some or all of the plaintiff's claims. Summary judgment is therefore denied. As indicated previously, the CT Page 6474 statute of limitations ground may not be considered because the plaintiff never answered the defendant's statute of limitations special defense.
The defendant argues that the plaintiff has failed to state a claim under CUTPA in that she does not allege sufficient facts to show a "general business practice." A party may contest the legal sufficiency of a pleading on a motion for summary judgment. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971). Count three asserts that the allegations in count one, viz., that the defendant unilaterally terminated the contract and refused to pay benefits due to her from February 25, 1984, to March 1, 1985, constitute a CUTPA violation.
In Mead v. Burns, 199 Conn. 651, 666, 509 A.2d 11 (1986), the Supreme Court held that a legally sufficient CUTPA claim, based on unfair settlement practices against an insurance carrier, must sufficiently allege facts to establish a violation under CUIPA. The court reasoned that CUIPA embodies the legislature's intent as to what constitutes unacceptable insurer conduct, and said that it would be anomalous and inconsistent to permit conduct that does not sufficiently allege a CUIPA violation to state a CUTPA violation. Id., 665-66.
The allegations in count three clearly fall within the unfair practice of claim settlement as defined by General Statutes 38a-816(6). To sufficiently state a claim for a violation of CUIPA based on unfair settlement practices, the facts must allege conduct that constitutes a "general business practice." General Statutes 38a-816(6). Allegations of an isolated instance of unfair conduct do not satisfy 38a-816(6). Mead, supra, 666.
Count three alleges that the defendant terminated the plaintiff's benefits in February 1984, and that she should have received benefits from then until March 1985. The single act of termination in count three does not constitute a "general business practice." See Henderson v. Aetna Casualty Surety Co., 5 Conn. L. Rptr. 341, 342 (Hadden, J., December 10, 1991). Absent allegations sufficient to state a CUIPA violation, plaintiff's CUTPA claim in count three fails to state a cause of action and is subject to summary judgment in defendant's favor.
Guardian Life also argues that CUIPA does not create a private right of action, and therefore that the plaintiff's claim in count four, which solely alleges a CUIPA violation, must fail. Our Supreme Court has twice expressly reserved decision on the issue. Mead, supra, 657 n. 5; Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12, 442 A.2d 920
CT Page 6475 (1982).
It is difficult to accept plaintiff's argument, however, that the court can imply a private cause of action in a statute that only authorizes the insurance commissioner to investigate whether CUIPA has been violated. See General Statutes 38a-815. See Scheer v. Chubb Son, Inc., 9 Conn. L. Tribune No. 17, pp. 13, 16 (Burns, J., D.Conn. 1982) ("Unlike CUTPA, CUIPA does not expressly create a private right of action. Rather, it is a regulatory statute granting certain powers to the insurance commissioner . . . . There is no provision for a direct, private right of action."). Additionally, although the Supreme Court has explicitly held that "a private cause of action exists under CUTPA to enforce alleged CUIPA violations," Lees v. Middlesex Ins. Co., 219 Conn. 644, 654, 594 A.2d 952 (1991), citing Mead, supra, 656-66, it has not held that a private cause of action exists under CUIPA.
Count four does not allege a violation of CUTPA, but only alleges a violation of CUIPA. In light of the existing remedy to redress a CUIPA violation, and the unlikelihood that the legislature intended two statutory causes of action to redress the same conduct, there is no private cause of action under CUIPA in my opinion.
In conclusion, the motion for summary judgment as to counts one and two is denied, and is granted as to counts three and four of the complaint concerning CUTPA and CUIPA.
So Ordered.
Dated at Bridgeport, Connecticut this 7 day of July, 1992.
WILLIAM B. LEWIS, J.