[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party defendant Textron here moves for summary judgment on defendant/third-party plaintiff's third-party complaint dated July 2, 1991. Textron claims that it is entitled to judgment because Kachmarik's claim is barred by the applicable statute of limitations and because the plaintiff is an employee of Textron's, whose exclusive remedy is provided in the Workers' Compensation Act.
"A motion for summary judgment may be filed by any party at any time, addressed to the claim or counterclaim, after the pleadings are closed, as between the parties to the motion." Griggs v. BG Land, Inc., 24 Conn. App. 610, 611 (1991). "When a defendant raises a special defense, the plaintiff's reply to the special defense closes the pleadings." Id., 612.
On December 31, 1991, Textron filed an answer and two special defenses to Kachmarik's complaint. Kachmarik has not yet replied to the special defenses and a motion for summary judgment is therefore improper. Id.
Furthermore, on April 27, 1991 Kachmarik filed an amended third-party complaint which, as it has not been objected to, is now the operative complaint. See Practice Book 176; Darling v. Waterford, 7 Conn. App. 485, 487. Although pleadings already filed may be regarded as applicable to the amended pleading, this is only true "so far as possible." Practice Book 177. Kachmarik has amended his first count to allege a duty owed to him by Textron, in an obvious attempt at overcoming the infirmity found by the court, (Meadow, J.) in denying his motion to strike Textron's first special defense.
This important distinction between the original and amended third-party complaint may not make it possible to regard Textron's original answer as applicable to the amended complaint. In any event, either the amended complaint needs to be answered or Textron's special defenses need to be replied to. Until the pleadings are closed, the court cannot consider the motion for summary judgment. Accordingly, the motion for summary judgment is CT Page 7491 denied.
McDONALD, J.