[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#150)
CT Page 9588
By way of an original complaint dated September 3, 1991, the original plaintiff, Advest Bank, brought this foreclosure action against eleven defendants, seeking, inter alia, strict foreclosure and a deficiency judgment. Several amended complaints have been filed by the plaintiff since the commencement of the action, the most recent having been filed on July 15, 1992. The July 15, 1992 complaint entitled "Second Amended Complaint" is brought by substituted party-plaintiff A. B. Realty Corp. (hereinafter the plaintiff), the successor-in-interest to Advest Bank.[1] In the one count second amended complaint, plaintiff alleges that on June 26, 1986, defendant Thomas M. Giardini (hereinafter T. Giardini) executed a Mortgage Note in favor of Advest Bank in the amount of $3,185,600.00. (Second Amended Complaint, p. 2, para. 3). To secure the Mortgage Note, a Mortgage and Security Agreement dated June 26, 1986 was executed in which defendant T. Giardini mortgaged his leasehold interests in certain properties, and his father, defendant Angelo J.M. Giardini (hereinafter A. Giardini), mortgaged his fee interest in certain properties. (Second Amended Complaint, p. 3, para. 4). The Mortgage Note was also secured by a guaranty agreement, a collateral assignment of leases, rents and profits, and other collateral. (See Second Amended Complaint, pp. 305, paras. 6-9).
Plaintiff alleges that defendants T. Giardini and A. Giardini have violated the provisions of the Mortgage and Security Agreement and are in default under the terms of the Mortgage Note and the Mortgage and Security Agreement. (Second Amended Complaint, p. 5, para. 10). Accordingly, plaintiff claims, inter alia, strict foreclosure, possession of the property, a deficiency judgment, attorneys' fees, and money damages. (Second Amended Complaint, p. 15). Those parties with claims on the property interests of defendants A. Giardini and T. Giardini have also been named as defendants in this foreclosure action. (See Second Amended Complaint, pp. 7-13).
On May 21, 1992, in response to original plaintiff Advest Bank's amended complaint, defendant A. Giardini filed an answer, pleading three special defenses. Original plaintiff Advest Bank never filed a reply to defendant's May 21, 1992 special defenses. On July 2, 1992, original CT Page 9589 plaintiff Advest Bank moved for summary judgment against defendant A. Giardini and defendant the FDIC as receiver of both Central Bank and F.P., Inc., and moved for judgment of strict foreclosure against all the defendants in accordance with its Motion for Judgment dated May 7, 1992. In support of its motion, Advest Bank filed a memorandum of law, the affidavit of John R. Ursone — Senior Vice President of Advest Bank, a copy of the Mortgage and Security Agreement dated June 26, 1986, and a copy of the Mortgage Note dated June 26, 1986.
Subsequent to the filing of Advest Bank's motion for summary judgment, defendant FDIC as receiver for Central Bank and defendant F.P., Inc. filed consents to foreclosure,[2]
thereby eliminating the need for a court determination of summary judgment as to these defendants. (See FDIC's Consent to Foreclosure dated July 14, 1992).
On July 15, 1992, as discussed above, plaintiff A. B. Realty Corp. filed its "Second Amended Complaint" as substituted party-plaintiff.
On July 20, 1992, defendant A. Giardini filed an objection to the motion for summary judgment, accompanied by a memorandum of law in support thereof, a personal affidavit, a description of the relevant properties, and a copy of the Mortgage Note dated June 26, 1986.
On July 22, 1992, defendant A. Giardini filed an "Answer and Special Defenses to Plaintiff's July 15, 1992 Second Amended Complaint." Defendant A. Giardini asserts three special defenses. In his first special defense, defendant alleges that he "never executed a note or guaranty and received no consideration for the granting of said mortgage; therefore said mortgage is unenforceable as to the defendant." (Defendant A. Giardini's Answer, p. 1). In his second special defense, defendant alleges that "[t]he mortgage document is patently fraud [sic], ambiguous and inconsistent with the terms of the note and thus unenforceable, null and void." (Defendant A. Giardini's Answer, p. 2). Lastly, in his third special defense, defendant incorporates the first and second special defenses in their entirety and further alleges that "[t]he ambiguity and inconsistency in the note and mortgage as to Angelo Giardini affect the validity of the assignment of the CT Page 9590 mortgage." (Defendant A. Giardini's Answer, p. 3).
On July 27, 1992, plaintiff A. B. Realty Corp. filed a reply to defendant A. Giardini's special defenses, thereby closing the pleadings.
On August 11, 1992, plaintiff A. B. Realty Corp. filed a reply brief in support of its motion for summary judgment against defendant A. Giardini and in opposition to defendant A. Giardini's objection thereto. In its reply brief, plaintiff argues with respect to defendant's special defenses of July 22, 1992 and defendant's arguments set forth in his memorandum in opposition to plaintiff's motion for summary judgment.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1990), quoting Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987); Practice Book 384. The test for deciding whether to grant a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority,213 Conn. 354, 364, 567 A.2d 1212 (1990). "[T]he trial court must view the evidence in the light most favorable to the nonmoving party." Connell, supra, 246-47. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984).
A party "may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion." Practice Book 379. In the case at bar, the pleadings as between the parties to this motion were not closed at the time that original plaintiff Advest Bank moved for summary judgment because Advest Bank had not filed a reply to defendant's original special defenses. The Appellate Court decision of Griggs v. B G Land, Inc.,24 Conn. App. 610, 590 A.2d 982 (1991), provides guidance on this issue.
CT Page 9591 In Griggs, supra, the defendant moved for summary judgment based on his third special defense before a reply to the third special defense had been filed by the plaintiff. Id., 611. The trial court granted the motion for summary judgment and the Appellate Court reversed, holding that "summary judgment was rendered in favor of the defendant before the plaintiff filed a reply to the defendant's third special defense. The pleadings, therefore, were not closed and the court improperly granted the defendant's motion for summary judgment." (Emphasis added.) Id., 612. The Appellate Court noted, however, that the facts in Griggs were distinguishable from two Connecticut Supreme Court cases in which the pleadings had not been closed when the motions for summary judgment were filed, but were closed at the time that judgment was rendered. Id., 612 n. 1, citing Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1,513 A.2d 1218 (1986), and Avis Rent-A-Car System, Inc. v. Crown High Corporation, 165 Conn. 608, 345 A.2d 1 (1973).
In the case at bar, while the pleadings were not closed when plaintiff's motion for summary judgment was filed, the pleadings were closed prior to this court hearing argument on the motion. Therefore, the court finds that plaintiff's motion for summary judgment is properly before the court. See id.
In plaintiff's memoranda of law in support of its motion for summary judgment against defendant A. Giardini, plaintiff maintains that there remain no genuine issues of material fact and that plaintiff is entitled to judgment as a matter of law. (Plaintiff's Memorandum, p. 6; Plaintiff's Reply Brief, p. 1). Plaintiff addressed each of defendant's special defenses and argues that they do not raise genuine issues of material fact, despite defendant's claims to the contrary in his memorandum in opposition. (Plaintiff's Memorandum, pp. 7-11; Plaintiff's Reply Brief, pp. 14-20).
Defendant argues, in his memorandum of law in opposition to the motion for summary judgment, that several genuine issues of material fact remain with respect to the validity of defendant's mortgage. (Defendant's Memorandum, pp. 3-4).
Defendant's first argument is that a genuine issue of material fact remains regarding whether the defendant received sufficient consideration for his mortgage to the CT Page 9592 plaintiff. (Defendant's Memorandum, pp. 4-5). Defendant argues that "there is a question as to whether the obligation the mortgage secured must be a personal obligation on the part of the mortgagor." (Defendant's Memorandum, p. 5). In response, plaintiff argues as a matter of law that "the rule under real property and mortgage law (as articulated in the overwhelming case law) is that there is no requirement that a mortgagor be indebted to a mortgagee in order to give a valid and binding mortgage." (Emphasis in original.) (Plaintiff's Reply Brief, p. 2). Plaintiff further argues that "the law recognizes as valid a mortgage given for the benefit of a third party . . ." (Plaintiff's Reply Brief, p. 2).
In the case at bar, the Mortgage and Security Agreement states that "Thomas A. Giardini . . . and Angelo J.M. Giardini . . ., for the consideration of One Dollar ($1.00) and other valuable consideration, received to Mortgagor's full satisfaction of Advest Bank, . . . does give, grant . . . unto Mortgagee, its successors and assigns forever, all right, title and interest of Mortgagor, now owned or hereafter acquired" and further states that "A. Giardini, Fee Simple Mortgagor represents and warrants to Mortgagee that the making of the loan to the Ground Lease Mortgagor [T. Giardini] shall be of significant benefit to him." (Mortgage and Security Agreement dated June 26, 1986, pp. 1, 4). Under the terms of the Mortgage and Security Agreement, defendant A. Giardini received a "significant benefit" from Advest Bank in the form of a loan to his son, T. Giardini, in exchange for his mortgage to Advest. Therefore, defendant A. Giardini received consideration for his mortgage.
The Connecticut Supreme Court has held that consideration for a mortgage "does not necessarily have to move from the mortgagee to the mortgagor." Molk v. Micklewright, 151 Conn. 606, 609, 201 A.2d 183 (1964), citing Fisher v. Lehrer, 149 Conn. 106, 111, 175 A.2d 707 (1961).
Furthermore, the Connecticut Superior Court has addressed the issue of whether a mortgage given to secure the indebtedness of a third person is valid and enforceable and has held such mortgages to be valid. In FDIC v. Brady,7 CSCR 137 (January 8, 1991, (Zoarski, J.), defendant wife gave her husband, also a defendant, power of attorney for CT Page 9593 real estate and banking transactions. Id. The husband executed a promissory note and secured his debt by mortgaging property jointly owned by him and his wife as well as property owned solely by his wife. Id. Plaintiff FDIC as receiver of City Trust brought a foreclosure action and defendant wife argued that "her interest in the real property . . . cannot be foreclosed because she was not a signer of the note executed by her husband, and the mortgages were given without any consideration to her." Id. The court held her mortgages to be valid and subject to foreclosure, stating that "[t]here is no statutory or cannon [sic] law requirement that a mortgagor must also be an obligor on the note which is secured by the property mortgaged." Id., 138, citing State Street Mortgage Co. v. Matrix Development Corporation,6 CSCR 897 (August 22, 1991, Katz, J.).
In State Street Mortgage Co., supra, the superior court similarly addressed the question of whether there is "a difference between a mortgage given to secure an obligation of the mortgagor and one given without personal obligation to secure the indebtedness of a third person[.]" State Street Mortgage Co., supra, 897. In State Street Mortgage Co., supra, defendant moved to strike a complaint seeking foreclosure of her property interest on the ground that plaintiff failed to allege an underlying debt between her and plaintiff. Id. The court denied defendant's motion to strike, holding that "[t]here is nothing in either the common law standards (see Conn. National Bank v. Esposito, 210 Conn. 221,223 (1989)) or the relevant statutes (see Conn. Gen. Stats. 49-1 et seq.) that even hint at such a requirement" that the mortgagor must be an obligor on the underlying debt in order for the mortgage to be valid. Id.
In the case at bar, there is no dispute over the fact that the Mortgage and Security Agreement clearly recites that consideration has been received by defendant A. Giardini. In light of the foregoing discussion of Connecticut case law directly on point, this court finds that defendant A. Giardini, in asserting that a question of fact remains regarding the sufficiency of consideration, fails to demonstrate the existence of such a disputed factual issue. See Burns v. Hartford Hospital, supra, 455. As a matter of law, this court finds that in the case at bar the mortgage given to Advest Bank by defendant A. Giardini is valid and enforceable against him notwithstanding the fact that he is CT Page 9594 not an obligor on the underlying debt incurred by his son, T. Giardini.
Defendant's second argument in his memorandum of law in opposition to plaintiff's motion for summary judgment is that even if the court finds, as a matter of law, that a mortgagor need not be personally obligated on the underlying debt in order for the mortgage to be valid, there still remain issues of fact regarding the intent of the parties and the language of the documents. (Defendant's Memorandum, p. 6). Defendant maintains that the language of the Mortgage Note and the language of the Mortgage and Security Agreement are contradictory, inconsistent, and ambiguous, and thus raise several questions of fact regarding intent. (Defendant's Memorandum, pp. 6-9). In response, plaintiff argues that "[t]his argument fails because evidence as to A. Giardini's intent from any source outside of the Note and Mortgage is inadmissible at trial under the parol evidence rule." (Plaintiff's Reply Brief, p. 2).
 The parol evidence rule is premised upon the idea that "when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. After this, to permit oral testimony, or prior or contemporaneous conversations, or circumstances, or usages [etc.], in order to learn what was intended, or to contradict what is written, would be dangerous and unjust in the extreme." Glendale Woolen Co. v. The Protection Ins. Co., 21 Conn. 19, 37 (1851).
TIE Communications, Inc. v. Kopp, 218 Conn. 281, 288,589 A.2d 329 (1991). However, parol evidence may be admissible
 (1) "to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not CT Page 9595 vary the terms of the writing; (3) to add a missing term in writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud." Realty, Inc. v. Ahearn Development Corporation, 189 Conn. 52, 55-56, 453 A.2d 771 (1983).
Id., 288-89.
"`"[I]ntention is to be determined from the language used, interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used."'" (Citations omitted.) Milford Education Assn. v. Board of Education, 167 Conn. 5133, 522, 356 A.2d 109 (1975).
Plaintiff persuasively argues in its reply brief that defendant "A. Giardini's intent to give a non-recourse mortgage to the plaintiff is clearly addressed in the Loan Documents . . ." (Plaintiff's Reply Brief, p. 24). The language of the Mortgage and Security Agreement in the case at bar expresses the intent of the parties. Defendant A. Giardini signed and duly executed the Mortgage and Security Agreement dated June 26, 1986 which states that A. Giardini, delineated as "Mortgagor," "does give, grant, bargain, sell and confirm unto Mortgagee, its successors and assigns forever, all right, title and interest of Mortgagor" and proceeds to describe the specific parcels being mortgaged by A. Giardini. (See Mortgage and Security Agreement, p. 1). A more detailed description of the parcels being mortgaged is expressly incorporated into the agreement and attached as "Schedule A" of the Mortgage and Security Agreement. Schedule A describes two of the parcels as "Property of Angelo J.M. Giardini." (See Schedule A). Therefore, based upon the express language of the Mortgage and Security Agreement, there is no question remaining regarding the intent of defendant A. Giardini. Defendant's contention that there are inconsistencies and ambiguities in the language of the Mortgage Note and the Mortgage and Security Agreement which necessarily lead to the conclusion that a factual question remains regarding intent is unpersuasive in view of defendant's express mortgaging of his property in the CT Page 9596 Mortgage and Security Agreement. There are no substantive ambiguities in the Mortgage and Security Agreement which would justify this court looking outside the four corners of this document to discern the intent of the parties.
In the conclusion, defendant A. Giardini has failed to present evidence that demonstrates the existence of a genuine issue of material fact in the case at bar. Plaintiff A. B. Realty Corp. has sustained its burden of proving that no genuine issues of material fact remain and that plaintiff is entitled to judgment as a matter of law. Accordingly, plaintiff's motion for summary judgment is granted against the defendant A. Giardini.
Burns, J.