[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR SUMMARY JUDGMENT BY THIRD PARTY DEFENDANT #207
The first party plaintiffs, Peter G. Conrad and Sobstad Sailmakers, Inc., originally brought this action in August of 1991, alleging an unlawful entry and detainer by the defendant property owners, Ronald and Dorothy Erickson, onto the plaintiff-lessee's premises at 175-2 Elm Street in Old Saybrook. By a second amended complaint dated November 13, 1992, the plaintiffs added allegations of constructive eviction, unfair or deceptive trade practices and tortious interference with business expectations. The defendants, who purchased the premises in July of 1989 from the plaintiffs, filed a counterclaim alleging breach of the lease agreement and failure to disclose hidden defects in connection with the sale and leaseback. In addition, the defendants filed a third-party complaint on November 2, 1992, against the Town of Old Saybrook, for permitting the erection of a structure on the premises over a defective foundation. The third party defendant Town of Old Saybrook filed its answer and four special defenses on March 9, 1993, pleading governmental immunity and statute of limitations as its defenses.
On October 1, 1993, the Town of Old Saybrook filed a motion for summary judgment on its defenses of governmental immunity and statute of limitations, emphasizing the latter at oral argument. The third party plaintiffs filed their objection to the motion on October 4, 1993. In it the Ericksons first assert that summary judgment is improper in the present case since they have yet to file an answer to the third party defendant's special defenses, and cite as authority Griggs v. B G Land, Inc.,24 Conn. App. 610, 590 A.2d 982 (1991). However, Practice Book 379 was amended effective October 1, 1992, to delete the requirement that the pleadings be closed between the parties, and therefore a summary judgment decision can be made based on the pleadings before the court.
At oral argument the third party defendant asserted that the Ericksons failed to comply with General Statutes 52-557n(b)(7) and (8), which provides that the town and its inspector will not be liable for damages for the issuance of a permit or for a negligent inspection unless it constitutes a "reckless disregard for health or safety under all the relevant circumstances." The Ericksons assert that they have complied with the requirements of the statute. Although not dispositive of the motion for CT Page 318 summary judgment, the court will address the issue given the dispute during oral argument. The third party plaintiffs allege in their complaint that in 1985 the building inspector of Old Saybrook permitted the erection of a structure over a defective foundation, and the resulting structural damage "dangerously weakened the said structure." Third Party Complaint, 10-11. To be legally sufficient, a claim sounding in recklessness must set forth facts alleging highly unreasonable conduct involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988). The pleadings in the present case are insufficient under General Statutes52-557n. See Maier v. Tracy, 8 CSCR 301 (February 25, 1993, Fuller, J.); Banasiewicz v. Town of Griswold, 6 CSCR 1061 (November 12, 1991, Purtill, J.).
In cases involving a statute of limitations, "[t]he trial court may grant summary judgment when the documents submitted in support of the defendant's motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations." Shuster v. Buckley, 5 Conn. App. 473, 477, 500 A.2d 240
(1985), citing Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984). "Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Id.
The two-year limitation contained in General Statutes 52-584 applies to cases involving negligent injury to real property. The alleged negligent acts of the Town of Old Saybrook were the issuance of a building permit on January 14, 1985, and a subsequent inspection in March of 1985. Third Party Complaint, 5-10. Since the third party complaint was filed more than seven years after the negligent events allegedly occurred, the cause of action against the town is clearly barred by 52-584. However, to avoid the bar of the statute of limitations, the third party plaintiff alleges further that the defect could not be discovered by ordinary inspection, and that the cause of the defect was not discovered until July of 1992.
"It is clear that the repose portion of 52-584 which provides that `no action may be brought more than three years from the date of the act or omission complained of' bars the bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proximate cause of his harm or any other essential element of a negligence cause of action." (Citation omitted.) Catz v. Rubenstein, 201 Conn. 39, 49-50, 513 A.2d 98 (1986). The cases cited by the third party plaintiff are inapposite. Southern New England Ice Co. v. West Hartford, 114 Conn. 496, 159 A. 470 (1932) (Accrual of nuisance cause of CT Page 319 action.); Lambert v. Stovell, 205 Conn. 1, 529 A.2d 710 (1987) (Accrual of medical malpractice action occurs on discovery of some form of actionable harm, not on discovery of applicable legal theories.). In construction cases, the gravamen of the plaintiff's claim is the defective construction or negligent inspection, and this is the date from which the statute of limitations runs, "although the results may not have developed until much later." Cacace v. Morcaldi, 37 Conn. Sup. 735, 435 A.2d 1035 (App. Sess. 1981); see also Kennedy v. Johns-Manville Sales Corporation, 135 Conn. 176,62 A.2d 771 (1948). Accordingly, the third party defendant's motion for summary judgment is granted, since there is no genuine issue of material fact that the statute of limitations has passed for the Erickson's cause of action.
WALSH, JOHN, J.