[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 116)
On September 17, 1997, the plaintiffs, Maria Fernandes (Fernandes), individually, and on behalf of her two children, Charlene Stephen Fernandes, filed a complaint against the defendant, Robert E. Lee, Jr. The plaintiffs allege that on June CT Page 4463 14, 1996, the defendant's vehicle collided with the plaintiffs' vehicle causing injuries and damages to the plaintiffs. The parties have agreed that the pleadings were closed on December 9, 1997. (Plaintiffs' Memorandum of Law in Support of Motion to Strike, p. 1; Defendant's Memorandum of Law in Support of Objection to Motion to Strike, p. 1). Subsequently, on November 30, 1998, the defendant filed a counterclaim against the plaintiffs for injuries and damages arising from the collision.
On January 22, 1999, the plaintiffs filed a motion to strike the defendant's counterclaim in its entirety, accompanied by a supporting memorandum of law. The defendant filed a memorandum of law in opposition to the motion to strike on February 4, 1999.
The plaintiffs move to strike the defendant's counterclaim in its entirety on the ground that the counterclaim is untimely since it was neither brought within two years from the date the injuries were first sustained nor before the pleadings were closed. The defendant argues that the statute of limitations pertaining to the bringing of his counterclaim does not expire until June 14, 1999. The defendant further argues that the filing of the certificate closing the pleadings should not be binding on him because he neither received a copy of the certificate of closed pleadings nor was he consulted regarding the filing of said pleading.
General Statutes § 52-584 provides that: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, . . ., shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." "It should be noted that pursuant to General Statutes § 52-584 and Practice Book § 168,[1] a defendant may interpose a counterclaim in an action for injury to person or property at any time before the pleadings are finally closed."Moore v. Sergi, 38 Conn. App. 829, 832 n. 2, 664 A.2d 795 (1995). "When a defendant raises a special defense, the plaintiff's reply to the special defense closes the pleadings." Griggs v. B GLand, Inc., 24 Conn. App. 610, 612, 590 A.2d 982 (1991).
Here, the defendant answered the plaintiff's complaint and CT Page 4464 raised a special defense on December 8, 1997. Subsequently, on December 10, 1997, the plaintiffs replied to the defendant's special defense, thereby closing the pleadings.[2] The defendant did not file a counterclaim against the plaintiffs until November 30, 1998. Not only is November 30, 1998 more than two years after the date the injuries were sustained, it is also more than one year after the date that the pleadings were closed.
Therefore, the defendant's counterclaim is untimely and the plaintiffs' motion to strike the defendant's counterclaim in its entirety is granted.
SKOLNICK, J.